UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DANYIEL KELLY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:15CV01566 ERW |
| SCOTT LAWRENCE, | ) | |
| Respondent(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Danyiel Kelly's under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [1].

**I.     BACKGROUND**

Petitioner Danyiel Kelly ("Petitioner") pled guilty to the class C felony of failure to return rented personal property on October 11, 2011 in the Circuit Court of Butler County, Missouri. Petitioner was sentenced to a term of seven years imprisonment and ordered to make restitution in the amount of $2,552.43. The Circuit Court suspended execution of the sentence and placed Petitioner on probation for a term of three years. On March 26, 2013, Petitioner appeared before the Circuit Court for a probation revocation hearing and admitted to violating his probation. The Circuit Court ordered execution of his original sentence. Petitioner filed a motion to vacate, set aside, or correct the judgment or sentence pursuant to Missouri Supreme Court Rule 24.035, which was denied by the Circuit Court. Petitioner now seeks relief in federal court.

## II. STANDARD

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. *Id.* at § 2254(e)(1).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)). An unreasonable application of clearly established Supreme Court precedent is found where the state court identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004). Finally, a state court decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id.*

## III. DISCUSSION

2

Petitioner asserts two claims in his motion for relief. First he alleges his counsel was ineffective for failing to investigate the value of the laptop, which was the rental property at issue in his case. Second, he asserts his due process rights under the Fourteenth Amendment of the United States Constitution were violated because the record of his guilty plea contains no evidence of the market value of the rented property to establish a class C felony. The Court will not reach the merits of Petitioner's claim because his petition is untimely.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for writs of habeas corpus filed under 28 U.S.C. § 2254, which begins running on the date judgment becomes final. *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002). The AEDPA's one-year limitation period is tolled, however, while "a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2254(d)(2).

Petitioner was originally sentenced on October 11, 2011.[1] His sentence became final on October 21, 2011.[2] Petitioner's motion for post-conviction relief was filed on August 30, 2013. From October 21, 2011, to August 30, 2013, a period of 679 days, the limitations period for filing for federal habeas relief was not tolled. *See Bear v. Fayram*, 650 F.3d 1120, 1125 (8th Cir. 2011) (holding that the limitations period is not tolled prior to the filing of the state application for relief). Petitioner's one-year limitations period to file a federal habeas petition expired before he filed his state PCR motion. Therefore, Petitioner's Petition to Vacate is untimely and must be dismissed, unless Petitioner can establish he is entitled to equitable tolling.

---

[1] Because Petitioner challenges his original conviction, and not his probation revocation, the dates at issue concern his original judgment and sentence, not the judgment and sentence on his probation revocation.

[2] A defendant has ten days after his sentence to file an appeal. If he does not file an appeal, his conviction becomes final on the tenth day.

Equitable tolling affords an otherwise time-barred petitioner an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). In *Pace v. DiGuglielmo*, the Supreme Court held equitable tolling may apply to petitions filed under 28 U.S.C. § 2254. 544 U.S. 408, 411-12, 418 (2005). A petitioner seeking equitable tolling bears the burden of establishing: (1) he has pursued his rights diligently, and (2) some extraordinary circumstance stood in his way. *Id.* at 418. Guided by *Pace*, the Eighth Circuit requires the circumstances to be "external to the plaintiff and not attributable to his actions." *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002). The circumstances must also "rise above a 'garden variety claim of excusable neglect.'" *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017) (citation omitted). Petitioner has provided no evidence to support additional tolling. Thus, the Court must dismiss Petitioner's Petition to Vacate.

## IV. CERTIFICATE OF APPEALABILITY

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2254 Motion.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Petitioner Danyiel Kelly's Petitioner under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [1] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition shall be **DISMISSED**, with prejudice.

So Ordered this 7th day of February, 2019.

*[signature: E. Richard Webber]*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**